ORIGINAL

# In the United States Court of Federal Claims

No. 16-1022C

(Filed: February 16, 2017)

**(NOT TO BE PUBLISHED)**

FILED

FEB 16 2017

U.S. COURT OF
FEDERAL CLAIMS

```
*********************************  )
                                   )
JUAN GUZMAN MARTINEZ,              )
                                   )
              Plaintiff,           )
                                   )
        v.                         )
                                   )
UNITED STATES,                     )
                                   )
              Defendant.           )
                                   )
*********************************
```

Juan Guzman Martinez, *pro se*, Philipsburg, Pennsylvania.

Michael D. Austin, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him on the brief were Benjamin C. Mizer, former Principal Deputy Assistant Attorney General, Civil Division, and Robert E. Kirschman, Jr., Director, and Elizabeth M. Hosford, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Judge.

Plaintiff, Juan Guzman Martinez, brings this action to obtain a transfer from the Moshannon Valley Correctional Center ("the Correctional Center") where Mr. Martinez is currently incarcerated. Mr. Martinez alleges that a transfer is warranted because the Correctional Center has not provided him with proper medical care. Pending before the court is the government's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"). Def.'s Mot. to Dismiss for Lack of Subject Matter Jurisdiction ("Def.'s Mot."), ECF No. 6. For the reasons stated, the government's motion is granted.

## BACKGROUND

Mr. Martinez filed suit in this court on August 18, 2016 through a form titled "Form to be Used by a State Prisoner in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. Section

7011 0470 0002 5084 3648

1983[,] or by a Federal Prisoner in Filing a *Bivens* Claim." *See* Compl. at 1.[1] The Correctional Center is owned and operated by a private corporation, The GEO Group, Inc., pursuant to a contract awarded by the Federal Bureau of Prisons. Def.'s Mot. at 2.[2] Mr. Martinez lists four individual employees at the Correctional Center, Compl. at 2-3, who he alleges failed to provide assistance despite being made aware of his "pain and suffering" and his requests for proper treatment of a "medical condition," Compl. at 3. Appended to his complaint are forms he used to seek administrative remedies from the Correctional Center regarding medical treatment, as well as responses he received from the Correctional Center. *See* Compl. at 6-16. Specifically, he requested an examination from a medical specialist or a transfer to another facility. Compl. at 3. The Correctional Center denied Mr. Martinez's request for an examination by a specialist because his medical records indicated that he was "receiving the appropriate treatment." Compl. at 7. Mr. Martinez also filed a regional administrative remedy appeal with the Federal Bureau of Prisons, Compl. at 38, but the appeal was rejected because the "issue [was] not appealable" to the Bureau of Prisons, Compl. at 17. The Bureau of Prisons instead instructed Mr. Martinez to use the grievance procedures available at his correctional facility. Compl. at 17. Because the Correctional Center allegedly is not properly addressing his medical issues, Mr. Martinez now seeks relief from this court by asking for a transfer "to another facility where [he] may receive treatment." Compl. at 4.

## STANDARDS FOR DECISION

As plaintiff, Mr. Martinez has the burden of establishing jurisdiction. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). The Tucker Act provides this court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). Nonetheless, it does not provide a plaintiff with any substantive rights. *United States v. Testan*, 424 U.S. 392, 398 (1976). Rather, to establish jurisdiction, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part) (citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *Testan*, 424 U.S. at 398).

## ANALYSIS

The form of claim submitted by Mr. Martinez indicates that he wishes to pursue either a *Bivens* claim or a civil rights claim against four employees at the Correctional Center where he is

---

[1] Mr. Martinez used the form to set out his claim, and accordingly the completed form constitutes Mr. Martinez's complaint.

[2] The GEO Group is a government contractor that operates a number of correctional facilities throughout the United States. *See, e.g., Chaib v. Geo Grp., Inc.*, 819 F.3d 337, 340 (7th Cir. 2016); *United States v. Fears*, No. 02-379-2 (JDB), 2014 WL 4669592, at *1 (D.D.C. Sept. 19, 2014).

2

incarcerated. *See* Compl. at 1-3. In *Bivens*, the Supreme Court held that a plaintiff may, in certain circumstances, bring a claim against government officials in their individual capacities for alleged violations of the plaintiff's constitutional rights. *See Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) (citing *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)). The Tucker Act, however, does not provide the court with jurisdiction over claims against individual federal officials. *Id.* (citing 28 U.S.C. § 1491(a)). The court therefore does not have jurisdiction over Mr. Martinez's *Bivens* claim. *See, e.g., id.* ("[T]he *Bivens* actions asserted by appellants lie outside the jurisdiction of the Court of Federal Claims."); *Taylor v. United States*, 113 Fed. Cl. 171, 173 (2013) ("[T]his Court lacks jurisdiction over *Bivens* actions for civil wrongs committed by agents of the United States.") (citing *Brown*, 105 F.3d at 623).[3] Further, even if the court broadly construed Mr. Martinez's complaint as alleging that the government violated the prohibition on cruel and unusual punishment under the Eighth Amendment of the United States Constitution, the court does not have jurisdiction over stand-alone constitutional claims based on the Eighth Amendment. *See Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007); *Hardin v. United States*, No. 14-557C, 2014 WL 4724472, at *3 (Fed. Cl. Sept. 23, 2014); *cf. LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (finding no Tucker Act jurisdiction for stand-alone claims under the Due Process Clauses of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment) (citing *Carruth v. United States*, 627 F.2d 1068, 1081 (Ct. Cl. 1980)). Additionally, the court does not have jurisdiction over Mr. Martinez's civil rights claim brought under 42 U.S.C. § 1983 "because jurisdiction over claims arising under the Civil Rights Act resides exclusively in the district courts." *Hardin v. United States*, 123 Fed. Cl. 667, 671 (2015) (quoting *Marlin v. United States*, 63 Fed. Cl. 475, 476 (2005), *appeal dismissed*, 146 Fed. Appx. 491 (Fed. Cir. 2005)).

In sum, Mr. Martinez has failed to identify any money-mandating source of substantive law that could provide this court with jurisdiction. The court does not have juridical power to address a claim that Mr. Martinez has not received proper medical care or a request for a transfer to a different correctional facility. *See, e.g., Taylor*, 113 Fed. Cl. at 173 ("The Tucker Act does not provide independent jurisdiction over . . . claims for equitable relief.").

## CONCLUSION

For the reasons stated, the government's motion to dismiss for lack of subject matter jurisdiction is GRANTED. The clerk shall enter judgment in accord with this disposition.

No costs.

It is so **ORDERED**.

Charles F. Lettow
Judge

---

[3]The court concludes that it is not necessary to address the government's contention that employees of the Correctional Center are "private[-]sector individuals," not employees of the federal government. *See* Def.'s Mot. at 7.

3